Filed 3/4/24  P. v. Hernandez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081620 |
| v. | (Super.Ct.No. RIF129770) |
| CESAR NOEL HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Cesar N. Hernandez, in pro. per.; and Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Cesar Noel Hernandez appeals from the denial of his petition to vacate his murder conviction under section 1172.6 of the Penal Code. (Unlabeled statutory citations refer to this code.) We affirm.

BACKGROUND

In 2007, a jury convicted Hernandez of one count of first degree murder (§ 187, subd. (a)) and found that he personally and intentionally discharged a firearm and proximately caused great bodily injury or death to another person who was not an accomplice (§§ 12022.53, subd. (d)). Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4), which eliminated natural and probable consequences liability for murder, narrowed the definition of first degree felony murder, and created a procedure for vacating prior murder, attempted murder, and manslaughter convictions that could not be sustained under the new law. (*People v. Gentile* (2020) 10 Cal.5th 830, 843, 847, superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.) The bill also created section 1172.6 (originally codified as section 1170.95) as a mechanism for retroactive application of those changes in the law. (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

In 2023, Hernandez filed a petition under section 1172.6 to vacate his murder conviction. He made all of the allegations required by subdivision (a)(1)-(3) of section 1172.6, and he requested appointment of counsel. The People opposed the petition, arguing that Hernandez claimed self-defense, and a jury convicted him under a

2

theory of murder for which there "were no instructions given in any regard for aiding and abetting, the natural and probable consequences theory, felony murder, or any theory by which malice could possibly be imputed to the defendant."

Defense counsel submitted on the petition after confirming that the prosecution's description of the trial was correct. The court summarily denied the petition.

DISCUSSION

We appointed counsel to represent Hernandez on appeal, and counsel filed a no issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking us to exercise our discretion to conduct an independent review of the record. After defense counsel filed the *Delgadillo* brief, we advised Hernandez that he could file a personal supplemental brief, which he did.

Hernandez argues that he is entitled to resentencing because (1) there is evidence that he was not the actual killer, (2) the victim had a reputation for violence, (3) "gunshot residue was never tested" in his case, (4) a prosecution witness has recanted his trial testimony, (5) Hernandez was the victim of a violent attack when he was a child, and (6) there was instructional error at his trial. Those arguments are irrelevant to Hernandez's eligibility for relief under section 1172.6. Rather, they present issues that could have been raised on direct appeal or perhaps could be the subject of a petition for writ of habeas corpus. Section 1172.6 is a mechanism to provide relief for murder, attempted murder, or manslaughter convictions that may have been based on now-invalid theories. (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960.) Because Hernandez's

3

arguments have no tendency to show that he may have been convicted on a now-invalid theory, they have no tendency to show that the trial court erred by determining that he failed to make a prima facie case for relief under section 1172.6.

In addition, the record of conviction establishes that Hernandez is ineligible for relief under section 1172.6. Hernandez's jury was not instructed on felony murder, the natural and probable consequences doctrine, aider and abettor liability, or any other theory of imputed malice. The jury therefore must have found that he was the actual killer and acted with malice. He is therefore ineligible for relief under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 710.)

## DISPOSITION

We affirm the order denying Hernandez's section 1172.6 petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

MCKINSTER
J.

4